UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| OCTAVIA ROBB, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:16-CV-1727-RLW |
| BAYER HEALTHCARE, LLC, et al. | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 14). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs filed this action in the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri, on September 23, 2016. Plaintiffs allege injuries resulting from Plaintiffs' use of Essure® permanent birth control system. Plaintiffs allege causes of action for negligence, negligence per se, negligent misrepresentation, failure to warn, manufacturing defect, common law fraud, constructive fraud, fraudulent concealment, breach of express warranty, breach of implied warranty, violation of Missouri products liability laws, violation of Missouri Merchandising Practices Act, and gross negligence/punitive damages. Plaintiffs are citizens of the States of Delaware, Indiana, Kentucky, Louisiana, Missouri, New Jersey, Pennsylvania, and Tennessee. Plaintiffs contend that there are several named plaintiffs that are not completely diverse with defendants. As admitted by Defendants, Bayer Corporation is a citizen of Indiana and Pennsylvania, Defendant Bayer HealthCare LLC is a citizen of New Jersey and Pennsylvania, and Defendant Bayer Healthcare Pharmaceuticals is a citizen of New Jersey. Plaintiff Sabrina

˘ 1 ˘

Bray is a citizen of Indiana, Plaintiffs April Arlotta and Lisa Conti are citizens of Pennsylvania, Sherry Lamberston is a citizen of Delaware and Madeline Bernal is a citizen of New Jersey.

On November 4, 2016, Defendants removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332(a), federal question jurisdiction under 28 U.S.C. §1331, and under the Class Action Fairness Act (CAFA). Although there appears to be a lack of complete diversity based upon the face of the Petition, Defendants argue that they are not subject to personal jurisdiction with respect to the non-Missouri Plaintiffs' claims. Defendants further assert that personal jurisdiction should be resolved before subject matter jurisdiction because it presents the "simpler question." (ECF No. 20 at 7). Plaintiffs maintain that remand is appropriate because complete diversity does not exist and Plaintiffs' claims are not fraudulently joined. Plaintiffs also put forth that the Court does not have federal question jurisdiction or CAFA jurisdiction.

**LEGAL STANDARD**

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

**DISCUSSION**

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *See Ex Parte*

*McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.574 (1999), a Court has discretion to consider personal jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. *Id.* at 588; *see also Crawford,* 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction."). However, the Supreme Court has held that

> If personal jurisdiction raises "difficult questions of [state] law," and subject-matter jurisdiction is resolved "as eas [ily]" as personal jurisdiction, a district court will ordinarily conclude that "federalism concerns tip the scales in favor of initially ruling on the motion to remand."

*Ruhrgas AG*, 526 U.S. at 586 (citing *Allen v. Ferguson,* 791 F.2d 611, 616 (C.A.7 1986)). "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry." *Ruhrgas AG*, 526 U.S. at 587. "In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587–88. Courts in this district addressing the same issue have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. *See, e.g., Joseph v. Combe Inc.*, No. 4:16CV284 RLW, 2016 WL 3339387, at *1 (E.D. Mo. June 13, 2016); *Morgan v. Janssen Pharms., Inc.,* No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014) (finding the issue of subject matter jurisdiction in an action arising from the drug Risperidone was a straightforward legal issue that judges in this district had already addressed and that issues of personal jurisdiction required a more fact-intensive inquiry); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining to rule on issues of personal jurisdiction first because the subject matter

jurisdiction issue was not arduous). Thus, the Court in its discretion will first determine the issue of subject matter jurisdiction, as the question of personal jurisdiction requires a more fact-intensive inquiry. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (noting a determination of personal jurisdiction requires looking at affidavits and exhibits in addition to the face of the pleadings).

The Court holds that there is not complete diversity on the face of the Petition and no basis for fraudulent joinder. "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC,* 417 F.3d 1006, 1010 (8th Cir. 2005)). Under 28 U.S.C. §1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007).

Courts, however, "have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* (citing *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 809 (8th Cir. 2003)). "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *Id.* (citing *Wilkinson v. Shackelford,* 478 F.3d 957, 964 (8th Cir. 2007)). Here, Defendants argue that the non-Missouri citizen Plaintiffs are fraudulently joined with the Missouri Plaintiffs because the out-of-state Plaintiffs cannot establish personal jurisdiction under Missouri law.

Courts in this district have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *Joseph*, 2016 WL 3339387, at *2; *Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-02049-AGF, 2015 U.S. Dist. LEXIS 160580, at *13 (E.D. Mo. July 7, 2015); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015). "On numerous occasions, this Court has determined that the joinder of plaintiffs alleging injury from a single drug is not 'egregious,' because common issues of law and fact connect the plaintiffs' claims." *Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. Apr. 29, 2016)(collecting cases). The Court follows the approach taken by the district courts in the Eastern District of Missouri, holds that Plaintiffs' claims are not fraudulently joined, and finds that complete diversity is absent. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d at 623. Plaintiffs have filed suit against Defendants for injuries caused by the same contraception system and arising out of the same practices for those products. The Court finds that common issues of law and fact are likely to arise in this litigation. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d at 623. Therefore, the Court holds that joinder is proper and complete diversity does not exist.

In the notice of removal, Defendants also invoked federal question jurisdiction pursuant to 28 U.S.C. §1331. Defendants contend that Plaintiffs' claims turn on whether Defendants violated federal regulatory requirements. (ECF No. 1 at 23). Defendants claim that Plaintiffs' right to relief depends on the resolution of these alleged federal violations.

Under the well-pleaded complaint rule, a claim arises under federal law only if a federal issue appears on the face of the plaintiff's well-pleaded complaint. *See e.g. Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989). The proponents of federal jurisdiction bear "the burden to establish federal subject matter jurisdiction," and "all doubts about federal jurisdiction must be

resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016). "[T]he plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." *M. Nahas & Co., Inc. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Rather, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) ("federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress").

Defendants contend that Plaintiffs' state law claims raise substantial federal questions, because they are predicated on numerous alleged violations of federal requirements. Defendants assert that Plaintiffs must prove these federal violations in order to maintain their causes of action. (ECF No. 20 at 15-16 (citing *In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010) ("The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted by § 360k(a)…").

Defendants' argument is misplaced. Plaintiffs' claims for Federal Food, Drug, and Cosmetic ACT (FDCA) violations related to Essure® were necessary to escape preemption. However, as courts in this district have noted that the "the federal issues raised by plaintiffs' state law claims are not capable of resolution in federal court without disrupting the federal-state

balance approved by Congress." *Johnson v. Bayer Corp.*, No. 4:16-CV-729 (CEJ), 2016 WL 3015187, at *3 (E.D. Mo. May 26, 2016); *Dorman v. Bayer Corp*, No. 4:16CV601 HEA, 2016 WL 7033765, at *4 (E.D. Mo. Dec. 2, 2016). Congress specifically declined to create a federal private cause of action under the FDCA and declined to preempt all state remedies or to divest state courts of jurisdiction under the FDCA. *Id.* at 9-10 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986) ("The assumed congressional determination to preclude federal private remedies for violations of the FDCA is tantamount to a congressional conclusion that a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction."); *Dorman*, 2016 WL 7033765, at *4. The Court holds that there is no federal cause of action under the FDCA. The purported federal issues raised in Plaintiffs' Complaint are not substantial and cannot form the basis for federal question jurisdiction. As held by other courts, accepting federal jurisdiction in a medical device products liability case such as this would disrupt the federal-state balance contemplated by Congress. *Johnson*, 2016 WL 3015187, at *3; *Dorman*, 2016 WL 7033765, at *4; *Carmine v. Poffenbarger*, Case No. 1:15-CV-1207, 2015 WL 9581416 (E.D. Va. Dec. 29, 2015); *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22 (D. Conn. 2015); *Fenn v. Philips Elecs. N. Am. Corp.*, Civ. No. 14-96-DLB-JGW, 2015 WL 632154 (E.D. Ky. Feb. 13, 2015); *Mauk v. Medtronic, Inc.*, 41 F. Supp. 3d 654 (W.D. Ky. 2014); *Anders v. Medtronic, Inc.*, No. 4:14-CV-00194 (ERW), 2014 WL 162352 (E.D. Mo. Apr. 24, 2014); *Goade v. Medtronic, Inc.*, No. 13-5123-CV-SW-ODS, 2013 WL 6237853 (W.D. Mo. Dec. 3, 2013). Therefore, the Court declines to find federal question jurisdiction.

Finally, the Court holds that this case cannot be combined with the following: *Dorman v. Bayer Corp.*, 4:16cv601, *Tenny v. Bayer Corp.*, No. 4:16cv1189, *Jones v. Bayer Corp.*, 4:16cv1192, *Mounce v. Bayer Corp.*, No. 4:16cv1478, *Hall v. Bayer Corp.*, No. 4:16cv1523,

*Dotson v. Bayer Corp.*, No. 16cv1593, *Tabor v. Bayer Corp.*, No. 4:16cv1682, *Hinton v. Bayer Corp.*, No. 4:16cv1679, and *McPeters v. Bayer Corp.*, No. 4:16cv1680 to form a single mass action under CAFA. *See* 28 U.S.C. §§1332(d)(11)(B)(i), 1453(a). CAFA's "mass action" jurisdictional provision confers federal jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Defendants note that the same Plaintiffs' counsel has filed nearly identical complaints on behalf of a total of more than 100 plaintiffs. (ECF No. 20 at 18). Defendants argue that Plaintiffs should not be permitted to avoid CAFA simply by dividing their plaintiffs into groups of less than 100 and filing an identical complaint for each group. However, the Court agrees with the long line of cases in this circuit permitting plaintiffs to file several separate cases, each containing fewer than 100 plaintiffs, to avoid removal as a mass action under CAFA. *See Hammonds v. Monsanto Co.*, No. 4:11 CV 1660 DDN, 2011 WL 5554529, at *2 (E.D. Mo. Nov. 15, 2011) ("Defendants' theory is contravened by the plain language of CAFA which, by its clear terms, restricts 'mass actions' to suits involving 100 or more plaintiffs."); *Dublin v. Monsanto Co.*, No. 4:11-CV-1659 CEJ, 2011 WL 5330571, at *3 (E.D. Mo. Nov. 7, 2011) (case with 14 plaintiffs "does not satisfy the requirements of a 'mass action'"); *Walker v. Monsanto Co.*, No. 4:11-CV-1654 CEJ, 2011 WL 5330602, at *3 (E.D. Mo. Nov. 7, 2011)(96 plaintiffs residing in 18 states); *Stapleton et al. v. Monsanto Co. et al.*, 4:11CV1656 (AGF) (95 plaintiffs residing in 21 states); *Nunn et al. v. Monsanto Co. et al.*, 4:11CV1657 (CEJ) (5 plaintiffs residing in 2 states); *Rodriguez v. Monsanto Co.*, No. 4:11CV01658 AGF, 2011 WL 5245251, at *3 (E.D. Mo. Nov. 2, 2011)(4 plaintiffs residing in California); *Anders v. Medtronic, Inc.*, No. 4:14CV01637 ERW, 2014 WL 5320391, at *4 (E.D. Mo. Oct. 17, 2014) ("Plaintiffs have not suggested a joint trial for *Anders v. Medtronic, Inc., Smith v. Medtronic, Inc.,* and *Hendrich v.*

*Medtronic, Inc.,* therefore, the Court finds this is not a mass action."). Plaintiffs have not joined 100 or more plaintiffs in a single complaint, nor have Plaintiffs attempted to consolidate the Essure actions. Therefore, the Court holds that CAFA does not apply here and CAFA cannot form a basis for federal subject matter jurisdiction. This case shall be remanded for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 14) is **GRANTED**.

**IT IS HEREBY ORDERED** that this matter is remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

Dated this 13th day of December, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE